IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
UNITED STATES OF AMERICA,        )
                                 )    02:02-cr-0416-GEB
              Plaintiff,         )
                                 )    ORDER
     v.                          )
                                 )
DAWANE MALLETT,                  )
                                 )
              Defendant.         )
                                 )
```

The Ninth Circuit remanded this action for the district court to determine whether Defendant would have received a materially different sentence if the district court had known the Sentencing Guidelines ("Guidelines") were advisory rather than mandatory when Defendant was sentenced. Following the remand, I issued an Order to the parties on October 28, 2005, in which their views were requested on this issue. Each party filed a response to the October 28 Order.

To determine the remand issue, I have reviewed the Presentence Investigation Report ("PSR"), the Forensic Evaluation on Defendant prepared by the Mental Health Department in Butner, North Carolina ("Forensic Evaluation"), the transcript of Defendant's February 6, 2004, sentencing hearing, and the portion of the transcript of Defendant's jury trial when he interrupted the

prosecutor's closing argument and also engaged in other obstructionist behavior.

I have determined that Defendant's sentence would not have differed materially from that which was imposed because of the following reasons.

During Defendant's sentencing hearing held on February 6, 2004, I stated, among other things, that "[t]he sentencing factors in Title 18, United States Code Section 3553, and in particular the deterrence and protection of the public factors, reveal that a sentence at the top of the Guidelines should be imposed." (Sentencing Hr'g Tr. 17, Feb. 6, 2004.) Yet, I imposed the middle of the Guideline sentence recommended by Probation in the PSR. Thus, even though I thought about sentencing Defendant at the top of his Guideline range, I must have realized that Probation's recommended sentence in the middle of that range was sufficient for purposes of sentencing under 18 U.S.C. § 3553(a).

The transcript also reveals I discussed the correctness of "the first diagnosis" in the Forensic Evaluation, but I did not explain what is referenced by "the first diagnosis," nor the bearing that diagnosis had on my conclusion that "all of [Defendant's] disruptions [while his case was pending] were contrived." (Id. at 16.) What I meant by the "first diagnosis" is Defendant's principal diagnosis of "Antisocial Personality Disorder . . . based on his pattern of disregard and violation of the rights of others since at least age 14."[1] (Forensic Evaluation at 8.)

---

[1] The Forensic Evaluation stated that Defendant was "on no medication and does not require medical or mental health follow-up. . . . Based on his past history he is at high risk of
(continued...)

2

Thus, notwithstanding my indication at Defendant's February 6 sentencing hearing that he deserved a sentence at the top of the Guidelines, I followed Probation's middle-of-the-Guideline recommendation.

"Even though the Guidelines are no longer mandatory . . . the district court should still consult them for advice as to the appropriate sentence. . . ." United States v. Kimbrew, 406 F.3d 1149, 1152 (9th Cir. 2005).

Defendant's Guideline range is from 262 to 327 months imprisonment. A portion of Defendant's sentence, however, was imposed by virtue of mandatory minimum statutory requirements that are non-Guideline. Specifically, Defendant's sentence on Counts 2 and 4 are driven by statute, resulting in Defendant receiving a 360 month statutory sentence consecutive to whatever Guideline sentence he received. Thus, this 360 month "statutory minimum sentence[], [is] not . . . sentencing [under the] guidelines." United States v. Dare, 425 F.3d 634, 642 (9th Cir. 2005).

Unless an 18 U.S.C. § 3553(a) factor, or another matter of which I am made aware, indicates that a sentence should be imposed outside the advisory Guideline range, I will exercise my sentencing discretion by imposing a sentence inside that range. Under § 3553(a), when determining the particular sentence to be imposed, I am required to consider:

---

[1](...continued)
violence. . . ." (Forensic Evaluation at 9.) This conclusion in the Forensic Evaluation that Defendant does not require "mental health follow-up" differs from that in the PSR where Probation states "defendant suffers with mental health problems . . . and he may well benefit from mental health and sex offender counseling while in custody." (PSR at 26.) I adopt the federal forensic evaluators' position on this point.

3

>    (1) the nature and circumstances of the offense
>    and the history and characteristics of the
>    defendant;
>
>    (2) the need for the sentence imposed–
>
>    (A) to reflect the seriousness of the offense, to
>    promote respect for the law, and to provide just
>    punishment for the offense;
>
>    (B) to afford adequate deterrence to criminal
>    conduct;
>
>    (C) to protect the public from further crimes of
>    the defendant; and
>
>    (D) to provide the defendant with needed
>    educational or vocational training, medical care,
>    or other correctional treatment in the most
>    effective manner;
>
>    (3) the kinds of sentences available. . . .

18 U.S.C. § 3553(a)(1), (2), (3).

The nature and circumstances of the offenses and the history and characteristics of the defendant, weigh in favor of a sentence toward the top of the Guidelines. Defendant's life story since his teenage years is essentially that of an incorrigible juvenile delinquent and criminal recidivist. As the Forensic Evaluation states, "allegations" about Defendant's upbringing indicate he lacked sufficient parental guidance. Even if this is true, the record reveals Defendant has chosen a life of crime to eke out a livelihood. He reported to Probation that he has supported himself by "robbing people." (PSR at 22.) As Probation states, Defendant's "behavior both in and out of custody illustrates he has no intention of being a law-abiding citizen." (PSR at 26.) His behavior and attitude shows he has "little regard for human life or the property of others." (Id.) This was evidenced when Ms. Montoya spoke at Defendant's sentencing hearing. Ms. Montoya is the victim of Defendant's

4

assaultive behavior in connection with his conviction for bank burglary.  She was forced into a vehicle, sexually assaulted by Defendant, kidnaped, and eventually placed into a trash dumpster from which she had to forcibly free herself.  When she spoke, Defendant smirked, evincing his unremorsefulness and contempt for a victim of his criminal conduct.

Defendant also showed an unrepentant, defiant, and obstreperous attitude when he interrupted the prosecutor's closing argument with the following communication, knowing jurors would hear him: "He's lying.  Shut your white ass up. . . .  Fuck the jury and all y'all white mother fuckers . . . Guilty.  Both defendants are guilty."[2]  (Trial Tr. vol. 4, 694, Nov. 6, 2003.)  Further, after the Judge responded stating "the jury is in recess," Defendant further stated "Both defendants are guilty.  Terrance Mallett is guilty.  Fuck all you white _ _ _."[3]  (Id. at 695.)  In addition, as the jurors were on their way to the courtroom exit doors, Defendant further communicated with jurors:

> DEFENDANT D. MALLETT: The black lady going to die.  All you mother fuckers are going to die.  White son-of-a-bitch.  Old pieces of shit.  Fuck white people.  Fuck all the females.
>
> THE COURT:  The jury is instructed to disregard what the defendant states.
>
> DEFENDANT D. MALLETT:  Kill all your mother fucking grandkids.  Don't put your press on me, homey.  Fuck your kids.  Fuck your grandkids.

---

[2] But Defendant did not confess guilt at his sentencing hearing on February 6, 2004.  In response to my question "Do you want to say anything before I sentence you?" Defendant responded, "Yeah. I would like to say that I'm innocent, and even though I was found guilty by this jury, I'm still innocent."  ((Sentencing Hr'g Tr. 9.)

[3] The record indicates that the reporting of Defendant's communication was discontinued at this point because the Judge spoke.

5

>           Fuck your grandkids.  Fuck your mother fucking
>           family.  I'm going to kill all you mother fuckers.
>           Fuck you too, Burrell.  Fucking bitch.  I'm cool.
>           I'm cool.  Don't put pressure on me.  I'm serious,
>           man, don't put no pressure.  I said I'm cool.
>           Don't put no pressure.

(Id.)

I opine these outbursts and threats were contrived to intimidate the jurors and to cause a mistrial.  This obstructionist behavior shows Defendant's contempt for the judicial process and those involved with it.

Defendant's armed attempted robberies and bank burglary and kidnaping were serious offenses.  Thus, the sentence imposed should "afford adequate deterrence of [Defendant's] criminal conduct" and "protect the public from further crimes of the defendant. . . ."  Nothing in the record justifies imposing other than an advisory Guideline sentence in this case.  The issue is whether a sentence in the middle of the advisory Guideline range was sufficient to protect the public from further crimes of the Defendant and satisfy the other § 3553(a) sentencing factors.  This sentence was sufficient because of the age Defendant will reach upon his release; hopefully by then he will have realized the wrongness of the choices he made for several years and opt for a law-abiding existence.  The record does not justify a lesser sentence because the sentencing factors favor imposition of a sentence that will reasonably ensure the Defendant stays in prison until the age when he should not pose a criminal risk to others when he is released.  Since Defendant's Guideline range is lengthy, he should not be sentenced at the top of that range.

In summary, nothing in the record indicates I felt constrained by the Guidelines when I sentenced Defendant.  For the

1 stated reasons, the middle of the Guideline sentence imposed is
2 sufficient for sentencing purposes even though Guidelines should have
3 been considered advisory when the sentence was imposed.
4     Defendant Mallett is advised that he may appeal from this
5 Order.  If Defendant cannot afford the cost of an appeal, he may
6 request leave to proceed in forma pauperis.  Defendant has already
7 been appointed counsel, but I, nevertheless, am informing Defendant of
8 his right to counsel on appeal.  If Defendant cannot afford an
9 attorney, one will be appointed to represent him.  Any appeal must be
10 filed in the district court within ten days after this Order is filed.
11     IT IS SO ORDERED.

DATED:  November 29, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge