IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Respondent,               No. 2:02-cr-0416 GEB JFM (HC)

    vs.

DAWANE ARTHUR MALLETT,

        Movant.                 FINDINGS AND RECOMMENDATIONS

_____/

        Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant challenges his 2003 conviction on multiple federal criminal charges and the sentence imposed thereon. This matter is before the court on respondent's motion to dismiss the action as barred by the statute of limitations contained in 28 U.S.C. § 2255.[1]

        Section 2255 provides in relevant part that a one year statute of limitations applies to § 2255 motions. The limitations period runs "from the latest of –

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the

---

[1] On June 18, 2008, the Clerk of the Court issued a notice setting a briefing schedule for respondent's motion in accordance with the provisions of Local Rule 78-230(m). Pursuant to that notice, movant's opposition to respondent's motion was due on July 9, 2008. Movant has not filed an opposition to the motion or otherwise responded either to the motion or to the notice setting the briefing schedule.

1

    movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

    It appears from review of the motion that the limitations period began to run against movant when his judgment of conviction became final.[2]

    The Supreme Court has held that a conviction is final in the context of habeas review when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987).

U.S. v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). Movant's direct appeal was denied on December 1, 2006.[3] Movant had ninety days thereafter to file a petition for writ of certiorari in the United States Supreme Court. Id. at 1223 n.2. Thus, the statute of limitations began to run against movant on or about March 3, 2007. As a general rule, documents filed by pro se prisoners are deemed filed on the day they are delivered to prison officials for mailing to the court. See Houston v. Lack, 487 U.S. 266, 270-72, 275 (1988). There is no evidence in the

---

[2] As noted above, movant has not opposed respondent's motion. Nothing in movant's claims suggest that they are based on newly discovered information or new U.S. Supreme Court precedent, or that he was prevented by illegal governmental action from filing a timely motion.

[3] It is unclear from the record whether movant, who was represented by counsel on direct appeal, knew of the disposition of his appeal prior to the time he filed his § 2255 motion. In his motion, movant alleges that his appeal is "still pending". § 2255 Motion, filed April 3, 2008, at 2. In addition, movant's fourth claim for relief is a claim of ineffective assistance of appellant counsel in which movant alleges, inter alia, that his appellate counsel failed to keep him aware of the status of his direct appeal. Id. at 5. However, movant has not opposed respondent's motion and therefore has not relied on these or any other allegations to contend that the action is not time-barred.

record conclusively demonstrating when the motion was delivered to prison officials for mailing to the court.  Movant signed his motion on March 27, 2008, approximately twenty-four days after the statute of limitations expired, and the motion was filed in this court on April 3, 2008, thirty-one days after expiration of the limitation period.  The former date represents the earliest possible date on which movant's § 2255 motion could be deemed filed.  Assuming arguendo that is the proper filing date, the motion is nonetheless untimely and must be dismissed.

Accordingly IT IS HEREBY RECOMMENDED that:

1. Respondent's June 16, 2008 motion to dismiss be granted;

2. Movant's § 2255 motion be dismissed as barred by the statute of limitations; and

3. The Clerk of the Court be directed to close the companion civil case No. 2:08-cv-0707 GEB JFM (HC).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 29, 2008.

UNITED STATES MAGISTRATE JUDGE

12;mall0416.mtd