UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAWANE ARTHUR MALLETT,<br><br>Defendant. | No. 2:02-cr-00416-TLN<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant Dawane Arthur Mallett's ("Defendant") Motion to Vacate Judgment. (ECF No. 379.) No opposition has been filed. For the reasons set forth below, the Court DENIES Defendant's motion.

Defendant is a federal prisoner proceeding *pro se*. In 2003, Defendant was convicted of two counts of aiding and abetting interference with commerce by robbery in violation of 18 U.S.C. § 1951(a)(2); two counts of use of a firearm in violation of 18 U.S.C. § 924(c); one count of aiding and abetting armed bank burglary and kidnapping in violation of 18 U.S.C. §§ 2113(a), (d), and (e); and one count of aiding and abetting carjacking a vehicle that has been transported in interstate commerce in violation of 18 U.S.C. § 2119. (ECF No. 239.) On February 6, 2004, Defendant was sentenced to 654 months in federal prison. (ECF No. 258.)

On April 3, 2008, Defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"). (ECF No. 313.) On February 4, 2011, the magistrate

judge recommended the Court deny Defendant's motion. (ECF No. 352.) On March 11, 2011, the Court adopted the magistrate judge's findings and recommendations in full and denied Defendant's motion. (ECF No. 353.) The Court also declined to issue a certificate of appealability. (*Id.*) Defendant filed the instant motion almost a decade later, on December 7, 2020. (ECF No. 379.)

Defendant's motion lacks clarity, but he appears to argue that the Court somehow erred in denying his § 2255 motion. Defendant purportedly brings his motion under Federal Rule of Civil Procedure 60(b)(4) ("Rule 60(b)(4)"), which allows a Court to "relieve a party . . . from a final judgment, order, or proceeding" if "the judgment is void." A defendant may bring a Rule 60(b)(4) motion in relation to a habeas action by arguing there was "some defect in the integrity of the federal habeas proceeding." *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). However, courts are wary of Rule 60(b)(4) motions that are actually § 2255 motions in disguise. *See United States v. Washington*, 653 F.3d 1057, 1063–64 (9th Cir. 2011) ("[W]e must determine whether [a defendant's] motion raises 'claims' and thus should be considered a disguised second or successive § 2255 motion that we must dismiss for lack of jurisdiction, or whether it instead alleges a 'defect in the integrity of the federal habeas proceedings,' and thus constitutes a legitimate Rule 60(b) motion.") (citation omitted).

In the instant motion, Defendant fails to cite any defect in the prior § 2255 proceeding. Instead, Defendant argues he was prevented from "mak[ing] fundamental choices about his own defense" in violation of his Fifth and Sixth Amendment rights. (ECF No. 379 at 1.) In so arguing, however, Defendant seems to challenge the merits of his conviction, not the post-conviction habeas proceeding. As such, Defendant's motion must be dismissed for lack of jurisdiction as an unauthorized successive § 2255 motion.[1] *See Washington*, 653 F.3d at 1065

---

[1] Section 2255(h) provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." Section 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A). Not only has Defendant failed to seek prior authorization to bring a second or successive § 2255 motion as required by § 2255(h), but Defendant has also failed to show grounds to bring such a motion because he fails to

("Because the gravamen of [the defendant's] assertions go to the merits of his conviction, his Rule 60(b) motion is, in fact, a § 2255 motion in disguise.").

Even if the Court were to construe the motion as a Rule 60(b) motion as Defendant requests, Rule 60(c) states that "[a] motion under Rule 60(b) must be made within a reasonable time." Defendant fails to explain his delay in bringing the instant motion, which he filed 17 years after his conviction and almost 10 years after the denial of his § 2255 motion. As such, a Rule 60(b) motion is untimely.

For the foregoing reasons, the Court DENIES Defendant's Motion to Vacate Judgment. (ECF No. 379.)

IT IS SO ORDERED.

DATED: January 5, 2021

Troy L. Nunley
United States District Judge

---

cite "newly discovered evidence" or "a new rule of constitutional law." See 28 U.S.C. § 2255(h).