UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAWANE ARTHUR MALLETT,<br><br>Defendant. | No. 2:02-cr-00416-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Dawane Arthur Mallett's ("Defendant") Motion to Set Aside Judgment (ECF No. 388), Motion to Dismiss (ECF No. 389), and Motion to Compel (ECF No. 392). The Government has not filed an opposition. For the reasons set forth below, the Court DENIES Defendant's motions.

Defendant is a federal prisoner proceeding *pro se*. In 2003, Defendant was convicted of two counts of aiding and abetting interference with commerce by robbery in violation of 18 U.S.C. § 1951(a)(2); two counts of use of a firearm in violation of 18 U.S.C. § 924(c); one count of aiding and abetting armed bank burglary and kidnapping in violation of 18 U.S.C. §§ 2113(a), (d), and (e); and one count of aiding and abetting carjacking a vehicle that has been transported in interstate commerce in violation of 18 U.S.C. § 2119. (*See* ECF No. 239.) On February 6, 2004, Defendant was sentenced to 654 months in federal prison. (*See* ECF No. 258.)

On December 7, 2020, Defendant filed a motion to vacate judgment, in which he challenged this Court's previous denial of a separate motion to vacate judgment from 2011. (ECF No. 379.) The Court denied Defendant's motion on January 6, 2021. (ECF No. 383.) Defendant appealed the Court's denial on January 27, 2021. (ECF No. 384.) The matter is currently pending before the Ninth Circuit. Defendant filed the instant motions on March 2, March 29, and April 23, 2021. (ECF Nos. 388, 389, 392.)

Defendant's pending appeal divests this Court of jurisdiction to grant his motions. *See United States v. Melkonyan*, No. 2:14-cr-0083-JAM, 2020 WL 2128591, at *1 (E.D. Cal. May 5, 2020) (citing *United States v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993)). However, Federal Rule of Criminal Procedure ("Rule") 37(a) provides in relevant part that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a).

Defendant's motions to set aside his judgment and dismiss all charges appear to challenge his conviction from approximately 17 years ago. Defendant has repeatedly — and unsuccessfully — challenged this conviction on various grounds. (*See, e.g.*, ECF Nos. 306, 313, 372, 379.) The instant motions seem to repeat many of the same arguments the Court has already rejected. To the extent Defendant intends to raise new grounds to challenge his conviction, the Court is unable to glean a coherent or viable basis for Defendant's motions.

Accordingly, the Court DENIES Defendant's Motion to Set Aside Judgment (ECF No. 388), Motion to Dismiss (ECF No. 389), and Motion to Compel (ECF No. 392).

IT IS SO ORDERED.

DATED: May 3, 2021

Troy L. Nunley
United States District Judge