UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAWANE ARTHUR MALLETT,<br><br>Defendant. | No. 2:02-cr-00416-TLN<br><br><br><br>**ORDER** |

This matter is before the Court on remand from the Ninth Circuit regarding the Court's May 3, 2021 denial of Defendant Dawane Arthur Mallett's ("Defendant") motion to vacate judgment under Federal Rule of Civil Procedure ("Rule") 60(b) (*see* ECF Nos. 388, 393). (ECF No. 390.)

The Ninth Circuit remanded the matter to this Court for the limited purpose of granting or denying a certificate of appealability with respect to the denial of the Rule 60(b) motion, as required under 28 U.S.C. § 2253(c)(3). (*Id.* at 1 (citing 28 U.S.C. § 2253(c)(3); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).) In accordance with the Ninth Circuit's instructions, the Court hereby declines to issue a certificate of appealability as follows.

Before Defendant can appeal the Court's denial of his motion to vacate judgment under Federal Rule of Civil Procedure 60(b) (ECF No. 393), a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *Asrar*, 116 F.3d at 1270.  A certificate of

1  appealability "should only issue for the appeal arising from the denial of a Rule 60(b) motion in a
2  [§] 2255 proceeding if the movant shows that (1) jurists of reason would find it debatable whether
3  the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason
4  would find it debatable whether the underlying [§] 2255 motion states a valid claim of the denial
5  of a constitutional right." *United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015).  Should
6  the Court determine that a certificate of appealability should issue, it must indicate which issues
7  satisfy the required showing or state the reasons why such a certificate should not issue.  28
8  U.S.C. § 2253(c)(3); *Asrar*, 116 F.3d at 1270; *see also* Fed. R. App. P. 22(b).

In declining to issue a certificate of appealability, the Court deems it appropriate to note the duplicative nature of the instant matter, as evidenced by the procedural posture of this case. In 2003, a jury found Defendant guilty of two counts of aiding and abetting interference with commerce by robbery in violation of 18 U.S.C. § 1951(a)(2); two counts of use of a firearm in violation of 18 U.S.C. § 924(c); one count of aiding and abetting armed bank burglary and kidnapping in violation of 18 U.S.C. §§ 2113(a), (d), and (e); and one count of aiding and abetting carjacking a vehicle that has been transported in interstate commerce in violation of 18 U.S.C. § 2119.  (*See* ECF Nos. 239, 242.)  On February 6, 2004, Defendant was sentenced to 654 months in federal prison.  (*See* ECF No. 258.)

On December 7, 2020, approximately 17 years after the conviction, Defendant filed a motion to vacate judgment pursuant to Rule 60(b)(4), in which he challenged this Court's *previous* denial of a separate motion to vacate judgment from 2011.[1]  (ECF No. 379.)  The Court denied Defendant's December 7 motion on January 6, 2021, finding it to be a "§ 2255 motion[] in disguise" and therefore constituting an unauthorized successive § 2255 motion over which the Court lacked jurisdiction. (ECF No. 383 at 2–3 (citing § 2244(b)(3)(A); *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011)).)  Moreover, the motion was deemed unjustifiably untimely, as it was filed nearly ten years after the denial of Defendant's § 2255

---

[1]  Indeed, the December 7, 2020 motion appears to be the fourth in a series of challenges to his conviction that Defendant filed over the time frame of several years, all of which were unsuccessful.  (*See* ECF Nos. 306, 313, 372.)

2

motion. (*Id.* at 3.) Defendant appealed the Court's denial on January 27, 2021. (ECF No. 384.) The Ninth Circuit remanded the matter for the limited purpose of granting or denying a certificate of appealability as to the Rule 60 motion. (ECF No. 390.) The Court declined to issue a certificate of appealability, based on all the reasons set forth in its prior Order. (ECF No. 391.)

Meanwhile, on March 2, March 29, and April 23, 2021, Defendant filed additional motions to set aside his judgment and dismiss all charges (ECF Nos. 388, 389, 392), which the Court construed as additional challenges to his conviction. Finding Defendant's arguments were both incoherent and duplicative of prior arguments the Court already rejected — and again, untimely — the Court denied the motion. (ECF No. 393 at 2.)

With respect to this matter, the Court again declines to issue a certificate of appealability. Not only has Defendant failed to show a "debatable" denial of a constitutional right in the underlying § 2255 motion, but he has also failed to show that the Court abused its discretion in denying his Rule 60(b) motion (ECF Nos. 388) as incoherent, duplicative, and untimely. *Winkles*, 795 F.3d at 1143.

Accordingly, the Court declines to grant a certificate of appealability. As instructed by the Ninth Circuit (ECF No. 390 at 2), the Clerk of the Court is directed to serve a copy of this Order on the Ninth Circuit Court for USCA Case Number 21-15166.

IT IS SO ORDERED.

DATED: August 13, 2021

Troy L. Nunley
United States District Judge