UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAWANE ARTHUR MALLETT,<br><br>　　　　Defendant. | No. 2:02-cr-00416-TLN<br><br>**ORDER** |

　　　　This matter is before the Court on Defendant Dawane Arthur Mallett's ("Defendant") Motion for Compassionate Release. (ECF No. 405.) No timely opposition has been filed.[1] For the reasons set forth below, the Court DENIES Defendant's motion.

　　　　Defendant is a federal prisoner proceeding *pro se*. After a jury trial in 2003, Defendant was convicted of two counts of aiding and abetting interference with commerce by robbery in violation of 18 U.S.C. § 1951(a)(2); two counts of use of a firearm in violation of 18 U.S.C. § 924(c); one count of aiding and abetting armed bank burglary and kidnapping in violation of 18 U.S.C. §§ 2113(a), (d), and (e); and one count of aiding and abetting carjacking a vehicle that has been transported in interstate commerce in violation of 18 U.S.C. § 2119. (ECF No. 239.) On February 6, 2004, Defendant was sentenced to 654 months in prison. (ECF No. 258.)

---

[1] A day after its opposition was due, the Government filed a motion for extension of time to respond to Defendant's motion. (ECF No. 406.)

1

1    On June 13, 2022, Defendant filed the instant motion, which he titles a motion for
2    compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 405.)  Defendant's
3    motion lacks clarity, but he appears to argue that jurisdictional issues resulted in an
4    unconstitutional conviction and sentence.  (*Id.*)

5    Generally, a court "may not modify a term of imprisonment once it has been imposed."
6    18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The
7    compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the
8    general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

Moreover, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Ninth Circuit recently held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant."  *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).  The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."  *Id.*  Accordingly, the Court relies on § 1B1.13 herein as persuasive authority.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement.  U.S.S.G. § 1B1.13, cmt. n. (1)(A).  More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the ageing process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a

correctional facility and from which he or she is not expected to recover." *Id.* The "extraordinary and compelling" requirement may also be met by showing Defendant's age,[2] family circumstances,[3] or other reasons[4] warrant relief. U.S.S.G. § 1B1.13, cmt. n. (1)(B)–(D). Lastly, even if the Court finds "extraordinary and compelling" reasons for Defendant's release, the Court still must consider the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors before granting compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A).

In the instant case, Defendant fails to make arguments that fit within the framework of 18 U.S.C. § 3582(c)(1)(A). Defendant instead appears to be challenging his 18-year-old conviction, which he has attempted to do repeatedly — and unsuccessfully — on various grounds for over a decade. (*See, e.g.*, ECF Nos. 306, 313, 372, 379.) In short, Defendant fails to provide extraordinary or compelling reasons for his release and fails to persuade the Court that the § 3553(a) factors warrant a reduced sentence.

For the foregoing reasons, the Court DENIES Defendant's Motion for Compassionate Release. (ECF No. 405.) The Court DENIES as moot the Government's Motion for Extension of Time to Respond. (ECF No. 406.)

IT IS SO ORDERED.

DATED: June 23, 2022

Troy L. Nunley
United States District Judge

---

[2] As to age, U.S.S.G. § 1B1.13, cmt. n. (1)(B) states Defendant must show he "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his . . . term of imprisonment, whichever is less."

[3] As to family circumstances, U.S.S.G. § 1B1.13, cmt. n. (1)(C) states Defendant must show "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children"; or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[4] As to other reasons, U.S.S.G. § 1B1.13, cmt. n. (1)(D) states Defendant must show "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."