1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,              No.  2:02-cr-0416 TLN AC P

12              Respondent,

13         v.                                 FINDINGS AND RECOMMENDATIONS

14    DAWANE ARTHUR MALLETT,

15              Movant.

16

17         Movant, a federal prisoner proceeding through counsel, has filed a second motion to

18    vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the ground that his

19    convictions on Counts 2 and 4 are no longer valid.  ECF No. 413.  Respondent agrees that Counts

20    2 and 4 should be vacated.  ECF No. 417.

21      I.     Background

22         Movant was charged with two counts of attempted Hobbs Act robbery, in violation of 18

23    U.S.C. § 1951(a), 2 (Counts 1 and 3); two counts of using and carrying a firearm during a crime

24    of violence, in violation of 18 U.S.C. § 924(c)(1) (Counts 2 and 4); being a felon in possession of

25    a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 5), aiding and abetting armed bank

26    burglary and kidnapping, in violation of 18 U.S.C. § 2113(a), (d), and (e) (Count 6), and aiding

27    and abetting carjacking, in violation of 18 U.S.C. § 2119 (Count 7).  ECF No. 113.  Counts 2 and

28    4 were predicated on the attempted Hobbs Act robberies alleged in Counts 1 and 3, respectively.

1

1    Id. at 1-5.  On November 10, 2003, the court granted movant's motion to dismiss Count 5, and a

2    jury found movant was found guilty of Counts 1-4, 6, and 7.  ECF No. 239.  Movant was

3    sentenced to 240 months on Counts 1 and 3, concurrently; 294 months on Counts 6 and 7,

4    concurrently; 60 months on Count 2, consecutively; 300 months on Count 4, consecutively, for an

5    aggregate term of 654 months in prison.  ECF No. 258.

6         On appeal, the sentences were remanded for reconsideration under United States v.

7    Booker, 543 U.S. 220 (2005), and United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005) (en

8    banc).  ECF No. 302. On June 22, 2009, Lu was again sentenced to life imprisonment on Counts

9    1-3.  ECF No. 1294.  He again appealed, and the sentence was affirmed on February 17, 2011.

10   ECF No. 1524.  The district court determined that it would not have issued a materially different

11   sentence had it been aware of the advisory nature of the Sentencing Guidelines (ECF No. 305),

12   and a second appeal followed in which the judgment and sentence were affirmed (ECF No. 311).

13        Movant's first § 2255 motion was filed on April 3, 2008 (ECF No. 313), and was denied

14   on March 11, 2011 (ECF No. 353).  On July 19, 2022, the Ninth Circuit Court of Appeals granted

15   movant's application for authorization to file a second or successive motion to vacate, set aside,

16   or correct his sentence pursuant to 28 U.S.C. § 2255 and ordered the application be processed as a

17   § 2255 motion in this court.  ECF Nos. 408, 409.  On September 6, 2022, movant filed the

18   amended § 2255 motion on which this case proceeds.  ECF No. 413.  Movant has responded to

19   the motion and agrees that is should be granted.  ECF No. 417.

20   II.    The Motion

21        The parties agree that movant's convictions under § 924(c)(1)—Counts 2 and 4—must be

22   vacated after the United States Supreme Court's decisions in United States v. Davis, 139 S. Ct.

23   2319 (2019), and United States v. Taylor, 142 S. Ct. 2015 (2022).

24   III.   Pertinent Statutory Framework

25        Title 18 U.S.C. § 924(c), under which movant was charged in Counts 2 and 4, provides in

26   pertinent part as follows:

27            (1)(A) Except to the extent that a greater minimum sentence is
             otherwise provided by this subsection or by any other provision of
28            law, any person who, during and in relation to any crime of violence

2

or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

(i) be sentenced to a term of imprisonment of not less than 5 years;

. . .

(C) In the case of a second or subsequent conviction under this subsection, the person shall—

(i) be sentenced to a term of imprisonment of not less than 25 years; . . .

18 U.S.C. § 924(c)(1)(A) (2002).

The term "crime of violence" is defined as follows:

(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id., § 924(c)(3). The first clause, § 924(c)(3)(A), is known as the "force" or "elements" clause, and § 924(c)(3)(B) is known as the "residual clause."

IV.   Analysis

In United States v. Davis, the United States Supreme Court announced that the residual clause of § 924(c) is unconstitutionally vague. 139 S. Ct. 2319, 2336 (2019). More recently, in United States v. Taylor, the Court held that attempted Hobbs Act robbery does not qualify as a "crime of violence" under the elements clause of § 924(c). 142 S. Ct. 2015, 2020 (2022). Because attempted Hobbs Act robbery—which served as the predicate offense for Counts 2 and 4 in this case—does not qualify as a crime of violence under either the residual clause or the elements clause, movant's § 924(c) convictions cannot stand.

////

////

3

Accordingly, IT IS HEREBY RECOMMENDED that:

1.   Movant's unopposed motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 413) be GRANTED;

2.   Movant's convictions on Counts 2 and 4 be VACATED; and

3.   The Clerk of the Court be directed to close the companion civil case No. 2:22-cv-1290 TLN AC.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 18, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4