UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:02-cr-00416-TLN-AC |
| Respondent, | |
| v. | **ORDER** |
| DAWANE ARTHUR MALLETT, | |
| Movant. | |

Defendant, a federal prisoner proceeding through counsel, has filed a second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 409, 413.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 18, 2023, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 418.) The Government has filed objections to the findings and recommendations (ECF No. 421), to which Defendant has responded (ECF No. 422).

In its objections, the Government requests Defendant be resentenced on the remaining counts of conviction. (ECF No. 421 at 1.) The Government argues the Court imposed Defendant's sentence as a "total term," creating a "sentencing package" that should be

1

1  "unbundled" through a full resentencing.  (*Id.* at 2.)  In response, defense counsel argues the
2  Court need not resentence Defendant and has discretion to simply vacate the consecutive
3  sentences imposed for the vacated counts, which would result in a total term of 294 months of
4  imprisonment for the remaining counts.  (ECF No. 422 at 2.)

5        The Court declines to conduct a full resentencing in this case.  *See Troiano v. United*
6  *States*, 918 F.3d 1082, 1087 (9th Cir. 2019) ("[T]he decision to unbundle a sentencing package —
7  that is, to conduct a full resentencing on all remaining counts of conviction when one or more
8  counts of a multi-count conviction are undone — rests within the sound discretion of the district
9  court.").  The Court imposed consecutive terms of imprisonment for the vacated counts (60
10 months on Count Two and 300 months on Count Four).  (*See* ECF No. 265 at 2.)  Defendant does
11 not request a full resentencing, and the Court sees no reason to revisit sentencing for the
12 remaining counts (240 months on Counts One and Three and 294 months on Counts Six and
13 Seven, to be served concurrently).  *See United States v. Brown*, 415 F. Supp. 3d 901, 907 (N.D.
14 Cal. 2019) ("Given the straightforward nature of correcting [the defendant's] conviction and
15 sentence — his 18 U.S.C. § 924(c) conviction and sentence can be corrected while leaving the 18
16 U.S.C. § 1951(a) count intact — there is no need to hold a resentencing hearing.").

17       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
18 Court has conducted a *de novo* review of this case.  Having reviewed the entire file, the Court
19 finds the findings and recommendations to be supported by the record and by proper analysis.

20       Accordingly, IT IS HEREBY ORDERED that:
21       1.  The findings and recommendations filed January 18, 2023 (ECF No. 418), are adopted
22 in full;
23       2.  Defendant's unopposed motion to vacate, set aside, or correct his sentence pursuant to
24 28 U.S.C. § 2255 (ECF Nos. 409, 413) is GRANTED;
25       3.  Defendant's convictions on Counts Two and Four are VACATED;
26       4.  The Government's request for a full resentencing on the remaining counts is DENIED;
27       5.  Defendant is committed to the custody of the Bureau of Prisons to be imprisoned for
28 240 months on each of Counts One and Three and 294 months on each of Counts Six and Seven,

all to be served concurrently to each other, for a Total Term of 294 months.  Upon release from imprisonment, Defendant shall be on supervised release for a term of three years on each of Counts One and Three and five years on each of Counts Six and Seven, all to be served concurrently, for a Total Term of five years.  Defendant shall pay a special assessment of $400.

    4. In addition, the Court DENIES Defendant's pro se Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure ("Rule") 29 (ECF No. 419) and Motion for New Trial pursuant to Rule 33 (ECF No. 420) as untimely.  To the extent these motions relate to Defendant's habeas petition, Defendant is represented by counsel and the Court has already granted relief herein.  To the extent these motions seek some other relief, Defendant is encouraged to communicate with his counsel as to whether a further filing is necessary;

    5. The Clerk of the Court be directed to close the companion civil case No. 2:22-cv-1290-TLN-AC.

**DATED:  February 23, 2023**

Troy L. Nunley
United States District Judge