# United States District Court
## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**DAWANE ARTHUR MALLETT** | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **2:02CR00416-01**<br><br>Erin Radekin, Appointed<br>Defendant's Attorney |

**Date of Original Judgment: 2/6/2004**
(Or Date of Last Amended Judgment)

## THE DEFENDANT:
[✔]   was found guilty on counts 1, 2, 3, 4, 6 and 7 of the Second Superseding Indictment after a plea of not guilty.
**\* The Court vacated counts 2 and 4.**

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 1951(a),2 | Interference With Commerce by Robbery, Aiding and Abetting | 3/20/02 | 1 |
| 18 U.S.C. 1951(a),2 | Interference With Commerce by Robbery, Aiding and Abetting | 5/30/02 | 3 |
| 18 U.S.C. 2113(a),(d), and (e), 2 | Armed Bank Burglary and Kidnappng, Aiding and Abetting | 6/06 and 6/07/02 | 6 |
| 18 U.S.C. 2219,2 | Carjacking, Aiding and Abetting | 6/06 and 6/07/02 | 7 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[ ]   Count(s) ___ (is)(are) dismissed on the motion of the United States.

[ ]   Indictment is to be dismissed by District Court on motion of the United States.

[✔]   Appeal rights given.          [ ]   Appeal rights waived.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

February 23, 2023
Date of Imposition of Judgment

*[signature]*

Signature of Judicial Officer
**TROY L. NUNLEY**, United States District Judge
Name & Title of Judicial Officer

February 24 , 2023
Date

CASE NUMBER:      2:02CR00416-01                                                   Judgment - Page 2  of 6
DEFENDANT:        DAWANE ARTHUR MALLETT

# IMPRISONMENT

   ***The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 294 months - 240 months on each of Counts 1 and 3, and 294 month on each of Counts 6 and 7, all to be served concurrently to each other, for a Total Term of 294 months.

[ ]   The court makes the following recommendations to the Bureau of Prisons:

[✔]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
      [ ] at ___ on ___.
      [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before____ on_____.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Officer.
      If no such institution has been designated, to the United States Marshal for this district.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

       Defendant delivered on_____  to  _____
at _____ , with a certified copy of this judgment.

                                                              _____
                                                              UNITED STATES MARSHAL

                                                              By _____
                                                                  Deputy U.S. Marshal

| | |
|---|---|
| CASE NUMBER: 2:02CR00416-01 | Judgment - Page 3 of 6 |
| DEFENDANT: DAWANE ARTHUR MALLETT | |

# SUPERVISED RELEASE

   *Upon release from imprisonment, the defendant shall be on supervised release for a term of  5 years - Three (3) years on each of Counts 1 and 3, and a term of 5 years on each of Counts 6 and 7, all to be served concurrently, for a Total Term of 5 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

[ ]     The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drugs test thereafter, as directed by the probation officer.

[✔]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

[✔]     The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of his person, property, home, and vehicle by a United States Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. As directed by the probation officer, the defendant shall participate in an correctional treatment program (inpatient or outpatient) to obtain assistance for drug or alcohol abuse.

3. As directed by the probation officer, the defendant shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.) to determine if he has reverted to the use of drugs or alcohol.

4. The defendant shall abstain from the use of alcoholic beverages and shall not frequent those places where alcohol is the chief item of sale.

5. As directed by the probation officer, the defendant shall participate in a program of mental health treatment (inpatient or outpatient), which may include the taking of prescribed psychotropic medication.

6. As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of $5 per month.

7. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

CASE NUMBER:       2:02CR00416-01                                                            Judgment - Page 5 of 6
DEFENDANT:         DAWANE ARTHUR MALLETT

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

|        | *Assessment | Fine | Restitution |
|--------|-------------|------|-------------|
| Totals: | $ 400      | $    | $ 1,844.83  |

[ ]  If applicable, the restitution amount ordered pursuant to plea agreement..........$__.

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $__.

The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [ ]  The interest requirement is waived.

   [ ]  The interest requirement is modified as follows:

# RESTITUTION

[ ]  The determination of restitution is deferred in a case brought under Chapters 109A, 100, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until up to 60 days. An amended Judgment in a Criminal Case will be entered after such determination.

[ ]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [ ]  The interest requirement is waived.

   [ ]  The interest requirement is modified as follows:

[✔]  The defendant shall make restitution, jointly and severally with Terrance Otis Mallett, to the following payees through the U.S. District Court, in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---------------|------------------------|-------------------------------|------------------------------|
| Wells Fargo Bank Recoveries<br>Attn: Kathy Marcanti<br>P.O. Box 53456<br>Phoenix, AZ 85072 | $ 1,844.83 | $ 1,844.83 | |
| TOTALS: | $ 1,844.83 | $ 1,844.83 | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245B-CAED (Rev 9/00) Sheet 02 - Schedule of Payments  Case 2:02-cr-00416-TLN-AC   Document 424   Filed 02/24/23   Page 6 of 6

| CASE NUMBER: | 2:02CR00416-01 | Judgment - Page 6 of 6 |
| DEFENDANT: | DAWANE ARTHUR MALLETT | |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A    [✔] immediately; or

B    [ ] $___ immediately, balance due (in accordance with C, D, or E); or

C    [ ] not later than ___ ; or

D    [ ] in installments to commence ___ day(s) after the date of this judgment. In the event the entire amount of cirminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E    [ ] in ___ (e.g. equal, weekly, monthly, quarterly) installments of $ ___ over a period of ___ year(s) to commence ___ day(s) after the date of this judgment.

Special instructions regarding the payment of criminal monetary penalties:

[ ]    The defendant shall pay the cost of prosecution.

# FORFEITURE

[ ]    The defendant shall forfeit the defendant's interest in the following property to the United States: