UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:02-cr-0416 TLN AC |
| Respondent, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DAWANE ARTHUR MALLETT, | |
| Movant. | |

Movant is a federal prisoner proceeding pro se on a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  ECF No. 428.

On July 19, 2022, the Ninth Circuit Court of Appeals granted movant's application for authorization to file a second or successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and ordered the application pending at that time to be processed as a § 2255 motion.  ECF Nos. 408 (Court of Appeals Order), 409 (filing deemed § 2255 motion). On February 23, 2023, the prior § 2255 motion was granted and the following day an amended judgment was entered.  ECF Nos. 423, 424.  Petitioner proceeded to appeal the amended judgment (ECF No. 425) and subsequently filed the pending § 2255 motion (ECF No. 428). Petitioner's direct appeal is still pending.

"Generally, the noting of such [a direct] appeal severely restricts the filing of a collateral claim with the District Court, to avoid any anomaly associated with the simultaneous

1

consideration of the same case by two courts." United States v. Taylor, 648 F.2d 565, 572 (9th Cir. 1981); see also United States v. Deeb, 944 F.2d 545, 548 (9th Cir. 1991) ("district court should not entertain a habeas corpus petition while there is an appeal pending" (quoting Feldman v. Henman, 815 F.2d 1318 (9th Cir. 1987)). The reason for this rule is that "the disposition of the direct appeal may render the motion moot." Taylor, 648 F.2d at 572 (citing Black v. United States, 269 F.2d 38, 41 (9th Cir. 1959)). "Except under most unusual circumstances, . . . no defendant in a federal criminal prosecution is entitled to have a direct appeal and a section 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence." Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970) (per curiam); see also Taylor, 648 F.2d at 572 (9th Cir. 1981) ("The District Court may entertain a collateral motion during the pendency of a direct appeal if 'extraordinary circumstances' outweigh the considerations of administrative convenience and judicial economy." (citations omitted)).

The record here suggests no extraordinary or unusual circumstances, and considerations of administrative convenience and judicial economy weigh strongly in favor of awaiting resolution of movant's direct appeal before addressing any collateral challenges.

Accordingly, IT IS HEREBY RECOMMENDED that movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 428) be dismissed without prejudice to renewal following the resolution of the pending appeal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////

////

////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 2, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE