UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:02-cr-00416-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| DAWANE ARTHUR MALLETT, | |
| Defendant. | |

This matter is before the Court on Defendant Dawane Arthur Mallet's ("Defendant") Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. (ECF No. 437.) The Federal Defender's Office assumed representation of Defendant in this matter and filed a Supplemental Motion to Reduce Sentence. (ECF No. 461.) The Government filed an opposition. (ECF No. 462.) Defendant filed a reply. (ECF No. 463.) For the reasons set forth below, the Court DENIES Defendant's motions.

///

///

///

///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

After a jury trial in 2003, Defendant was convicted of two counts of aiding and abetting interference with commerce by robbery in violation of 18 U.S.C. § 1951(a)(2); two counts of use of a firearm in violation of 18 U.S.C. § 924(c) ("§ 924(c)"); one count of aiding and abetting armed bank burglary and kidnapping in violation of 18 U.S.C. §§ 2113(a), (d), and (e); and one count of aiding and abetting carjacking a vehicle that has been transported in interstate commerce in violation of 18 U.S.C. § 2119. (ECF No. 239.) On February 6, 2004, Defendant was sentenced to 654 months in prison. (ECF No. 258.) On February 23, 2023, after considering new authority from the Supreme Court, this Court granted Defendant's 28 U.S.C. § 2255 ("§ 2255") motion, vacated the § 924(c) counts, and reduced Defendant's term of imprisonment from 654 months to 294 months. (ECF No. 423.) On February 9, 2024, Defendant filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2) and Amendment 821. (ECF No. 437.) Defendant's counsel filed a supplemental motion for a sentence reduction on October 28, 2024.[1] (ECF No. 461.)

Defendant moves for a sentence reduction based on Amendment 821, which became effective in November 2023 and amended the United States Sentencing Guideline's "status point" provision. (ECF No. 461.) The amended status point provision, U.S.S.G. § 4A1.1(e) ("§ 4A1.1(e)"), provides that defendants who receive six or less criminal history points based on prior criminal convictions now receive zero status criminal history points for committing an offense "while under any criminal justice sentence" such as probation, parole, or supervised release. The amended provision applies retroactively. U.S.S.G. § 1B1.10(d).

It is undisputed that § 4A1.1(e) reduces Defendant's criminal history score from four points to two points, his criminal history category from III to II, and his guidelines range from 262–327 months in prison to 235–293 months in prison. (ECF No. 461 at 2–3; ECF No. 462 at 2.) As such, Defendant's 294-month term of imprisonment now falls just outside the high end of

---

[1] On June 24, 2024, Defendant filed another § 2255 motion requesting the Court to reconsider his remaining convictions and sentence. (ECF No. 445.) That motion is still pending before the Court and is not addressed in this Order.

2

1  the amended guidelines range.  Defendant has served over 20 years in prison, and Defendant's

2  projected release date is May 8, 2041.  (*Id.* at 3.)  In the instant motion, Defendant requests the

3  Court reduce his term of imprisonment to 235 months, the low end of the amended guidelines

4  range. (*Id.*)  In his reply, Defendant alternatively requests his term of imprisonment be reduced to

5  at least 264 months, which now represents a mid-range sentence.  (ECF No. 463 at 2.)

6  **II.     STANDARD OF LAW**

7  18 U.S.C. § 3582(c)(2) ("§ 3582(c)(2)") provides:

8/9/10/11
> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

12  The Court follows a two-step approach in determining whether a sentence reduction is

13  warranted under 18 U.S.C. § 3582(c)(2).  *Dillon v. United States*, 560 U.S. 817, 827 (2010).

14  First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed

15  lowers Defendant's guidelines range.  *Id.*  Second, the Court must consider any applicable factors

16  set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)") and determine whether, in its discretion, the

17  reduction is warranted in whole or in part under the circumstances of the case.  *Id.*

18  **III.    ANALYSIS**

19  As a threshold matter, the parties do not dispute that step one is met because Amendment

20  821 lowered Defendant's guideline range from 262–327 months in prison to 235–293 months in

21  prison.  Instead, the parties only dispute whether the Court should exercise its discretion to grant a

22  reduction.  Therefore, the Court only addresses the parties' arguments as to step two.

23  Defendant argues: (1) status points produce overly long sentences and do not predict

24  recidivism; (2) a sentence reduction does not implicate public safety concerns in this case; and (3)

25  the § 3553(a) factors support a sentence reduction.  (ECF No. 461 at 3–7.)  As to the § 3553(a)

26  factors, Defendant discusses his difficult childhood, which included drinking alcohol at the age of

27  six and being declared a ward of the court at age 13.  (*Id.*)  Defendant also asserts he has

28  struggled with mental health issues and attempted suicide.  (*Id.*)  Defendant states despite these

challenges, he has completed over 60 courses while in prison, has no disciplinary reports in the last six months, is participating in the Inmate Financial Responsibility Program, and is enrolled in a GED program. (*Id.*)

In opposition, the Government argues the § 3553(a) factors weigh against a sentence reduction. (ECF No. 462 at 9–14.) The Government argues the nature and circumstances of the offense were not just serious, they were horrific. (*Id.* at 9.) The Government emphasizes Defendant did not attempt to commit traditional robberies — rather, he stealthily found his way into businesses through the roof and ventilation system, carried a loaded firearm and/or a knife, and kidnapped a woman during one of the robberies, sexually assaulted her at knife point, and left her in a trash dumpster. (*Id.* at 9–10.) The Government also argues Defendant's history and characteristics weigh against a sentence reduction. (*Id.* at 11–12.) The Government discusses Defendant's criminal history, a forensic evaluation at sentencing that showed Defendant has antisocial personality disorder and is a high risk for violence, Defendant's disruptive behavior during the trial, and the 122 disciplinary violations Defendant has received while in custody, which include assaulting and threatening Bureau of Prisons ("BOP") staff members. (*Id.*) In response to Defendant's § 3553(a) arguments, the Government argues classes are a routine part of rehabilitation, Defendant remains classified as a "high risk recidivism level," and Defendant did not pay special assessments or restitution for nearly 20 years and only recently began participating in the Inmate Financial Responsibility Program after he filed the instant motion. (*Id.* at 13–14.)

Defendant fails to persuade the Court that a sentence reduction is warranted under the § 3553(a) factors. The Court agrees with the Government that Defendant's offense was extremely serious. At sentencing, the Court indicated Defendant deserved a sentence at the top of the guidelines range, but it ultimately followed Probation's recommendation for a mid-range sentence. (ECF No. 285 at 19; ECF No. 305 at 3.) Since then, Defendant continued his alarming pattern of violence and disrespect for the law, as evidenced by Defendant's 122 disciplinary violations, many of which involved violence and threats. Although Defendant argues the Sentencing Commission's amendment to the status points provision reflects that status points are

4

not accurate predictors of recidivism, Defendant's continued pattern of serious violations in custody have established he is a high risk for recidivism and presents a danger to the community. The Court also believes Defendant's failure to fulfill his financial obligations shows a continued lack of remorse for his criminal conduct. While the Court commends Defendant on taking classes while in custody, the Court concludes Defendant's rehabilitation efforts do not outweigh the other § 3553(a) factors that support Defendant's 294-month sentence.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motions to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c) and Amendment 821. (ECF Nos. 437, 461.)

IT IS SO ORDERED.

Date: February 19, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE