HEATHER E. WILLIAMS, Bar #122664
Federal Defender
DAVID M. PORTER, Bar #127024
Assistant Federal Defender
Counsel Designated for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorneys for Defendant
DAWANE ARTHUR MALLETT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAWANE ARTHUR MALLETT,<br><br>Defendant. | No. 2:02-cr-416 TLN<br><br>**REQUEST FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL; DECLARATION OF COUNSEL; ORDER**<br><br>RETROACTIVE CRIMINAL HISTORY REDUCTION CASE<br><br>Judge: The Honorable TROY L. NUNLEY |

Pursuant to Rule 4(b)(4), Federal Rules of Appellate Procedure, defendant, DAWANE ARTHUR MALLETT, by and through his attorney, Assistant Federal Defender David M. Porter, requests the Court enter the order lodged herewith extending the time for filing the notice of appeal for the reasons set forth in detail in the attached declaration of counsel.

On February 20, 2025, the Court issued an order denying Mr. Mallett's motions for sentence reduction. ECF 464. The same day, undersigned counsel sent a letter to Mr. Mallett enclosing the Court's order and explaining his appeal rights. Unfortunately, the letter contained a typographical error, asking Mr. Mallett to inform the undersigned if he wished to appeal on or before "October 6, 2025," rather than the correct date (*i.e.,* 14 days after the date of the order) -- ***March*** 6,

2025, in short, misinforming Mr. Mallett that he had much more time to decide whether to file a notice of appeal than the rules provide for. Undersigned counsel did not notice the error until February 26, 2025, and the same day, counsel sent a letter to Mr. Mallett explaining the mistake.

Rule 4(b)(4) of the Federal Rules of Appellate Procedure provides:

> **Motion for Extension of Time.** Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

In light of the frequent delays associated with the prison mail system, Mr. Mallett might not receive counsel's February 26, 2025 letter until after the expiration of the time to file an appeal notice, and might lose that right through no fault of his own. Therefore, in an abundance of caution, undersigned counsel requests this extension of 30 days to ensure Mr. Mallett has sufficient time to consider whether to file an appeal.

Undersigned counsel apologizes to Mr. Mallett, the Court, and the government for his error, but submits that the circumstances constitute good cause for granting the requested extension. *See* 16A WRIGHT & MILLER, Fed. Prac. & Proc. Juris. § 3950.9 at n.34 (9th Ed. 2024) ("[t]he logistical difficulties that inmates and their lawyers face in communicating with each other . . . may also provide grounds for finding excusable neglect and/or good cause"). The factors the Court should consider in determining whether good cause exists – the danger of prejudice to the opponent, the delay's length and impact on the proceedings, the reason for the delay, and whether the litigant has shown good faith – all point in the same direction: there is no prejudice to the government, the motion is timely, coming not only within the extension period but also the initial period for filing a notice of appeal, the delay, if any, is minor, and Mr. Mallett has acted in good faith.

1  Accordingly, the Court is respectfully requested to enter the order lodged
2  herewith.
3  Dated:  February 26, 2025

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

s/ *David M. Porter*
DAVID M. PORTER
Assistant Federal Defender

Attorneys for Defendant
DAWANE ARTHUR MALLETT

## DECLARATION OF COUNSEL

I, David M. Porter, declare as follows:

1. I am an attorney at law and an assistant federal defender. I am responsible for representing Dawane Arthur Mallett, the defendant in Case No. Cr. S 02-416 TLN.

2. On February 23, 2025, the Court issued an order denying Mr. Mallett's motions for sentence reduction. ECF 464. The same day, I sent a letter to Mr. Mallett enclosing the Court's order and explaining his appeal rights.

3. Unfortunately, I made a typographical error and asked Mr. Mallett to inform me if wanted to file an appeal no later than "October 6, 2025," when I meant to type "**March** 6, 2025."

4. I did not discover this error until February 26, 2025. Immediately after discovering my error, I sent a letter to Mr. Mallett informing him of the error and asking that he let me know whether he wants to appeal by March 6, 2025. I am concerned, however, that because of the delays typically encountered in using the prison mail system, Mr. Mallett might not receive this letter in time.

5. This is my first request for extension of time, and it is not interposed to gain an unfair advantage, unduly delay the proceedings, or for any other improper purpose.

I declare under penalty of perjury that the foregoing matters based on my personal knowledge are true and correct, and the remaining matters are true and correct to the best of my knowledge and belief.

Executed this 26th day of February, 2025, at Sacramento, California.

s/ *David M. Porter*
David M. Porter

## ORDER

Pursuant to Defendant's request, and good cause appearing therefor, the request is **GRANTED**. The time for filing Defendant's notice of appeal, if any, is extended by 30 days from the expiration of the time otherwise prescribed by Rule 4(b), Federal Rules of Appellate Procedure.

Dated: February 27, 2025

_____
Troy L. Nunley
Chief United States District Judge