1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                No.  2:02-cr-0416 TLN AC

12                      Plaintiff,

13           v.                                FINDINGS AND RECOMMENDATIONS

14    DAWANE A. MALLETT,

15                      Defendant.

16

17          Defendant and movant Dawane A. Mallett has filed a motion under 28 U.S.C. § 2255,

18    seeking to vacate his conviction and/or sentence based on alleged violations of his constitutional

19    rights at his 2003 trial.  ECF No. 445.  He alleges (1) that his Sixth Amendment rights were

20    violated when the trial judge refused to allow him to present an insanity defense and ruled that

21    defendant's lawyer could choose what defense to present at trial, id. at 4-7, and (2) that his due

22    process rights were violated by the use of unconstitutional gun charges to support the Hobbs Act

23    robbery count, id. at 8-11.  Respondent opposes the motion on grounds that it is both untimely

24    and an unauthorized successive motion.  ECF No. 460.  Movant has not filed a reply, and the time

25    to do so has expired.

26          I.      Relevant Procedural Background

27          Movant went to trial in 2003, and was convicted on two counts of attempted Hobbs Act

28    robbery, two counts of using and carrying a gun in relation to a crime of violence, armed bank

                                             1

1  burglary, and carjacking.  ECF No. 242.  He was sentenced in February 2004 to a total term of

2  654 months.  ECF No. 265 at 2.  Movant appealed.  On November 14, 2005, the Ninth Circuit

3  remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005) (holding U.S.

4  Sentencing Guidelines advisory rather than mandatory).  ECF No. 303.  On remand, the district

5  court considered the sentencing factors under 18 U.S.C. § 3553(a) and sentenced movant to 654

6  months for reasons stated in a written order that was issued November 30, 2005.  ECF No. 305.

7  Movant appealed the resentencing decision, ECF No. 305, and the Ninth Circuit affirmed the

8  district court on December 29, 2006.  ECF No. 306.

9          On April 3, 2008, movant filed a pro se motion under 28 U.S.C. § 2255, challenging his

10  conviction on grounds including ineffective assistance of counsel, Speedy Trial violations, Fourth

11  Amendment violations, sufficiency of the evidence, and incompetence to stand trial.  ECF No.

12  313.  The motion was denied on March 11, 2011.  See ECF Nos. 352 (Findings and

13  Recommendations), 353 (order adopting Findings and Recommendations).

14          Over a decade later, the U.S. Supreme Court held in United States v. Taylor, 142 S.Ct.

15  2015 (2022), that attempted Hobbs Act robbery does not qualify as a "crime of violence" under

16  18 U.S.C.§ 924(c)(3)(A).  With the assistance of counsel, movant thereafter obtained leave from

17  the Ninth Circuit to file second or successive § 2255 motion challenging his 924(c) convictions

18  under Taylor.  ECF Nos. 408, 409.  On consideration of the motion, which was unopposed, the

19  undersigned recommended that Counts Two and Four be vacated.  ECF No. 418.  The district

20  judge adopted the recommendation, vacated the 924(c) counts, and denied the government's

21  request for a full resentencing.  ECF No. 423.  United States District Judge Troy L. Nunley

22  explained:

23          The Court declines to conduct a full resentencing in this case. See
            Troiano v. United States, 918 F.3d 1082, 1087 (9th Cir. 2019)
24          ("[T]he decision to unbundle a sentencing package — that is, to
            conduct a full resentencing on all remaining counts of conviction
25          when one or more counts of a multi-count conviction are undone —
            rests within the sound discretion of the district court."). The Court
26          imposed consecutive terms of imprisonment for the vacated counts
            (60 months on Count Two and 300 months on Count Four). (See ECF
27          No. 265 at 2.) Defendant does not request a full resentencing, and the
            Court sees no reason to revisit sentencing for the remaining counts
28          (240 months on Counts One and Three and 294 months on Counts

                                                2

Six and Seven, to be served concurrently). <u>See</u> <u>United States v.</u>
<u>Brown</u>, 415 F. Supp. 3d 901, 907 (N.D. Cal. 2019) ("Given the
straightforward nature of correcting [the defendant's] conviction and
sentence — his 18 U.S.C. § 924(c) conviction and sentence can be
corrected while leaving the 18 U.S.C. § 1951(a) count intact — there
is no need to hold a resentencing hearing.").

<u>Id.</u> at 2.  An amended judgment was entered that reflected the dismissal of Counts Two and Four,

the corresponding reduction in the term of imprisonment, and a reduced special assessment.  ECF

No. 424.

Movant then filed a pro se notice of appeal.  ECF No. 425.  Movant's counsel submitted a

brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that there were no grounds for

relief and moving to withdraw as counsel of record.  <u>See</u> ECF No. 439.  That motion was granted.

<u>Id.</u>  The Ninth Circuit affirmed the district court's exercise of its "discretion in correcting the

sentence only as to the vacated § 924(c) counts and declining to conduct a full resentencing on the

remaining counts." <u>Id.</u> at 2.  The court also found that movant's pro se challenges to his other

counts of conviction were beyond the scope of the appeal.  <u>Id.</u>  One of those pro se challenges

was the claim that movant's Sixth Amendment rights had been violated at trial by appointed

counsel's refusal to pursue an insanity defense.  <u>See</u> ECF No. 435.

II.     <u>Timeliness</u>

Federal prisoners are typically required to file a motion under 28 U.S.C. § 2255 within

one year from "the date on which the judgment of conviction becomes final." § 2255(f)(1).  The

judgment from which the statute of limitations runs is the one pursuant to which the inmate is

incarcerated.  <u>Smith v. Williams</u>, 871 F.3d 684, 687 (9th Cir. 2017).  A federal conviction does

not become final on direct review until the completion of all proceedings within the scope of the

initial appeal, including any proceedings on remand (whether of the entire case or for limited

purposes), any consequent amendments to the initial judgment, and ensuing rounds of appellate

review.  <u>United States v. Colvin</u>, 204 F.3d 1221 (9th Cir. 2000).  As detailed above, movant's

2004 judgment of conviction was appealed, remanded for resentencing, appealed again following

////

////

3

1  resentencing, and affirmed.  That process concluded no later than 2007 no matter how the precise

2  finality date is calculated.[1]

3      The only possible way that the instant § 2255 motion can be considered timely is if the

4  "judgment" whose finality counts for purposes of § 2255(f)(1) is the Amended Judgment dated

5  February 24, 2023 (ECF No. 424), which recalculated movant's total sentence after his 924(c)

6  counts were vacated in light of Taylor.  The Court of Appeal affirmed that judgment on March 4,

7  2024.  ECF No. 439.  Petitioner's present § 2255 motion was signed on June 13, 2024, and

8  docketed on June 24, 2024.  ECF No. 445 at 18.  Accordingly, it is timely if—and only if—the

9  resentencing process regarding Taylor relief restarted the clock as to claims challenging the

10  convictions untouched by that proceeding.

11      The undersigned rejects that proposition, which is inconsistent with basic habeas

12  principles.  AEDPA's one-year deadline applies to each claim in a habeas application on an

13  individual basis.  Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012); see also Pace v.

14  DiGugliemo, 544 U.S. 408, 416 & n.6 (2005).  As noted above, movant's judgment of conviction

15  on the counts challenged here—the judgment under which he has been incarcerated all along—

16  became final no later than 2007.  In 2022 the Ninth Circuit permitted a successive § 2255 motion

17  on Taylor grounds, which was expressly limited to the § 924(c) counts.  Movant's convictions for

18  attempted Hobbs Act robbery, armed bank burglary and carjacking were *not* subject to further

19  review, and their finality was therefore unaffected.  And on resentencing the district court

20  expressly declined to reconsider the sentences imposed on those surviving counts of conviction.

21  Accordingly, there is no basis for a conclusion that the 2023 amended judgment constituted a

22  "final judgment" as to anything other than the vacated § 924(c) counts and the sentence as

23  recalculated to reflect that change.

24      Movant relies on Magwood v. Patterson, 561 U.S. 320 (2010), for the proposition that his

25  § 2255 motion is timely because it was filed within one year of the Ninth Circuit's affirmance of

26  _____

27  [1]  "Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review
or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition
expires."  Clay v. United States, 537 U.S. 522, 527 (2003).  It is unclear from the record whether

28  movant sought certiorari in the U.S. Supreme Court.

his post-Taylor resentencing.  ECF No. 445 at 17.  As discussed more fully below related to successiveness, Magwood is inapposite because the initial judgment in that case had been vacated and no longer existed when the subsequent judgment was entered.  It was not an amendment to a previous judgment, it was an entirely new judgment triggering its own limitations period for collateral attack.  Movant's convictions for attempted Hobbs Act robbery, armed bank burglary and carjacking, on the other hand, have never been disturbed and have been final since approximately 2007.  The 2023 resentencing did not involve any new or newly final judgment as to those counts.

When resentencing proceedings or applications for sentencing relief occur *after* a conviction becomes final, no matter how many years after a conviction, the resentencing judgment (or order denying resentencing) triggers a new one-year limitations period *as to that decision*.  See Clayton v. Biter, 868 F.3d 840 (9th Cir. July 13, 2018).  However, the fact that a post-finality resentencing issue has been adjudicated does not restart the limitations clock as to the original judgment of conviction.  See Davis v. Sullivan, No. 17-73465, 2018 U.S. App. LEXIS 19388, at *1 ("Applicant's reliance on [Clayton] is misplaced, as he is not challenging an order resolving a resentencing petition but instead is seeking to challenge his original judgment of conviction."); Cole v. Sullivan, 480 F. Supp. 3d 1089, 1096-97 (C.D. Cal. 2020) (disposition of resentencing petition did not "open the door for [the] petitioner to bring a new challenge to an old conviction that already has been challenged").

For these reasons, this § 2255 motion should be denied as untimely.

III.    Successiveness

A federal prisoner challenging his custody "is generally limited to one motion under § 2255."  United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011).  Pursuant to 28 U.S.C. § 2255(h), a prisoner may file a "second or successive" motion only if the appropriate court of appeals certifies that the motion contains newly discovered, dispositive evidence or relies on a new constitutional rule made retroactive to collateral proceedings.  Tong v. United States, 81 F.4th 1022, 1024 (9th Cir. 2023).  The district court lacks jurisdiction to consider a successive §2255 motion that has not been authorized by the court of appeals.  United States v. Lopez, 577

1   F.3d 1053, 1056 (9th Cir. 2009).

2          Citing Magwood, supra, movant contends that his present § 2255 motion is not successive

3   because it is the first such application for relief that he filed after the Ninth Circuit affirmed his

4   post-Taylor resentencing in 2024.  ECF No. 445 at 7.  Magwood does not apply.  The petitioner

5   in Magwood was a death-sentenced inmate who had succeeded in a federal habeas challenge to

6   his death sentence, which was accordingly vacated, and he was thereafter sentenced to death a

7   second time following a new sentencing hearing.  The Supreme Court held that his habeas

8   petition attacking the second judgment of death was not second or successive, because it

9   challenged a different judgment than did the earlier, successful petition attacking the first death

10  sentence.  The Court explained that the phrase "second or successive" must be interpreted with

11  respect to the judgment challenged.  Magwood, 561 U.S. at 332-33.

12         The present case is not analogous.  Movant is not collaterally attacking the amended

13  judgment and sentence entered by this court in 2023 and affirmed by the Court of Appeals in

14  2024, which vacated the 924(c) counts and recalculated the total term without touching the other

15  counts of conviction or the sentences previously imposed on those counts.  Movant's present

16  motion attacks the validity of those remaining convictions, which became final well over

17  seventeen years ago and which he previously attacked in a § 2255 motion that *pre-dated* his

18  authorized Taylor challenge to the 924(c) counts.  Accordingly, this motion is successive to that

19  first one.  See Burton v. Stewart, 549 U.S. 147 (2007) (per curiam) (§ 2254 petition successive

20  notwithstanding consideration of sentencing challenges by state court after rejection of previous

21  federal habeas petition).

22         Accordingly, the undersigned finds that ECF No. 445 constitutes a successive § 2255

23  motion.  The Ninth Circuit has not authorized the prosecution of the motion, and Mr. Mallett has

24  not filed any request for authorization in this court that could be referred to the Circuit.[2]  Because

25  this court lacks jurisdiction, the § 2255 motion cannot proceed.

26  _____

27  [2]  Ninth Circuit Rule 22-3(a) provides that "[i]f an application for authorization to file a second or
    successive . . . section 2255 motion is mistakenly submitted to the district court, the district court

28  shall refer it to the court of appeals."

6

CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that the motion to vacate under 28 U.S.C. § 2255, ECF No. 445, be DENIED and that this court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 10, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE